# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# EASTERN DIVISION (AT PIKEVILLE)

**GORDON MICHAEL WAGNER,**

    Plaintiff,

vs.        Civil Action No. _____

**THE SHERWIN-WILLIAMS COMPANY**

    Defendant.

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant The Sherwin-Williams Company, by and through counsel, hereby files this Notice of Removal of the above-captioned matter from the Pike County Circuit Court to the United States District Court for the Eastern District of Kentucky. Defendant respectfully states the following in support of this Notice of Removal:

1. On or about November 12, 2014, Plaintiff initiated an action against Defendant in the Pike County Circuit Court.

2. On or about December 2, 2014, Defendant's registered agent was served with a copy of the Summons and Complaint via certified mail.

3. Pursuant to 28 U.S.C. §1446(a), all processes, pleadings, and orders that have been served upon Defendant to date in this matter are included with this Notice of Removal as **Exhibit 1**.

4. A copy of this Notice of Removal, with accompanying exhibit, and a Notice to State Court of Removal are being served upon Plaintiff's counsel and will be filed with the Clerk of the Pike County Circuit Court promptly after the filing of this Notice of Removal with this Court, in accordance with the provisions of 28 U.S.C. §1446(d).

5. This case is a civil action over which this Court has original jurisdiction under 28 U.S.C. §§1331; making it one that may be removed to this Court pursuant to 28 U.S.C. §§1441(a) and 1446 (federal question):

(a) The allegations set forth in the Complaint demonstrate that this is a civil action under Title I of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 1201, et seq., and Title I of the Civil Rights Act of 1991, as well as the Kentucky Civil Rights Act ("KCRA") under KRS Chapter 344. *See* Compl. ¶1.

6. This Court has original jurisdiction pursuant to 28 U.S.C. §1331 inasmuch as claims in this civil action arise under the laws of the United States, and, therefore, may be removed without regard to the citizenship or residence of the parties or the amount in controversy. *Id.*

7. All claims alleged in this action appear to arise out of the same common nucleus of operative facts; namely, Plaintiff Gordon Michael Wagner's employment with The Sherwin-Williams Company, his permanent vision impairment, and his placement on disability leave provided by The Sherwin-Williams Company thereafter. Accordingly, this Court has supplemental jurisdiction over any state law claims raised in the Complaint.

8.   This Court also possesses jurisdiction under 28 U.S.C. § 1332 by reason of the amount in controversy and complete diversity of the parties:

a.   Per the Complaint, Plaintiff resides in Floyd County, Kentucky, and had been employed with Defendant's store in Pikeville, Kentucky, for approximately twenty (20) years. *See* Compl. ¶¶ 2 & 7. This significant length of time that Plaintiff spent living near and working in Pikeville, Kentucky, suggests Plaintiff's intent to be a domiciliary of the Commonwealth of Kentucky. Upon information and belief, Plaintiff is a citizen of Kentucky.

b.   Defendant is a foreign company incorporated in Ohio, with its principal place of business in Cleveland, Ohio.

c.   In his Complaint, Plaintiff requests damages in the form of back pay, front pay, compensatory damages, and punitive damages "in an amount in excess of the jurisdictional limits of [Pike Circuit] Court and the United States District Court . . ." *See* Compl. at 8, ¶ 3.

d.   Based on the foregoing allegations contained in Plaintiff's Complaint and the demand put forth by Plaintiff during the EEOC proceedings, the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332(a), exclusive of interest and costs.[1]

9.   Pursuant to 28 U.S.C. §1446(d), a true and complete copy of this Notice of Removal will be submitted for filing with the Clerk of the Pike County Circuit Court.

---

[1]   Although Defendant relies in part on the allegations in Plaintiff's Complaint for the purpose of calculating the amount in controversy, Defendant denies Plaintiff's allegations of wrongdoing and denies that Plaintiff is entitled to any relief whatsoever and reserves the right to challenge all of Plaintiff's assertions.

3

10. This Notice of Removal is being filed within 30 days, as defined by 28 U.S.C. §1446(b) and Fed. R. Civ. P. 6(a), after Defendant first accepted service of Plaintiff's Complaint.

11. Notice of the filing of this Notice of Removal will be served upon all parties who have appeared in this action.

12. The required filing fee of $400.00 and an executed Civil Cover Sheet accompany this Notice of Removal.

WHEREFORE, Defendant respectfully requests that the Clerk note that this action has been removed from the Pike County Circuit Court to the United States District Court for the Eastern District of Kentucky, and that all proceedings hereafter shall take place in the United States District Court for the Eastern District of Kentucky.

Dated: December 22, 2014                    Respectfully submitted,

*/s/ LaToi D. Mayo*
LaToi D. Mayo  (KY #88988)
lmayo@littler.com
Mary Kovalesky  (KY #94057)
mkovalesky@littler.com
LITTLER MENDELSON, P.S.C.
333 West Vine Street, Suite 1620
Lexington, KY  40507
Telephone:  859.317.7970
Facsimile:   859.259.0067

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of December, 2014, the foregoing *Defendant's Notice of Removal* has been filed via the electronic filing system. Notice of filing will be performed by the Court's electronic filing system, and the Parties may access the document through the electronic filing system.

In addition, I hereby certify that on this 22nd day of December, 2014, a copy of the foregoing was served by first-class mail, postage prepaid, upon the following:

Brandis Bradley
Shane Hall Attorney At Law
685 Hambly Blvd., Suite 1A
P.O. Drawer 472
Pikeville, KY 41502
*Attorney for Plaintiff*

/s/ LaToi D. Mayo
LaToi D. Mayo