

# Notice of Service of Process

null / ALL
Transmittal Number: 13223233
Date Processed: 12/02/2014

| | |
|---|---|
| **Primary Contact:** | Sheila L Smith<br>The Sherwin-Williams Company<br>101 Prospect Avenue, N.W.<br>Cleveland, OH 44115-1075 |
| **Entity:** | The Sherwin-Williams Company<br>Entity ID Number  2470034 |
| **Entity Served:** | The Sherwin Williams Company |
| **Title of Action:** | Gordon Michael Wagner vs. The Sherwin-Williams Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Pike County Circuit Court, Kentucky |
| **Case/Reference No:** | 14-CI-1231 |
| **Jurisdiction Served:** | Kentucky |
| **Date Served on CSC:** | 12/02/2014 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | KY Sec. of State on 11/25/2014 |
| **How Served:** | Certified Mail |
| **Sender Information:** | Brandis Bradley<br>606-433-0433 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

| | | |
|---|---|---|
| Alison Lundergan Grimes<br>Secretary of State | **Commonwealth of Kentucky**<br>**Office of the Secretary of State** | Summons Division<br>PO BOX 718<br>FRANKFORT, KY 40602-0718 |

November 25, 2014

THE SHERWIN WILLIAMS COMPANY
CSC-LAWYERS INCOPRORATING
SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601


FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 14-CI-1231

COURT:  Circuit Court Clerk
        Pike County
        PO Box 1002
        Pikeville, KY 41502-1002
        Phone: (606) 433-7557

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

    **(1) Your attorney, or**
    **(2) The attorney filing this suit whose name should appear on the last page of the complaint, or**
    **(3) The court or administrative agency in which the suit is filed at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

| AOC-105       Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice    www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. _14-CI-1231_<br>Court    ✔ Circuit ☐ District<br>County    Pike |
|---|---|---|

PLAINTIFF

Gordon Michael Wagner

RECEIVED
NOV 25 2014
SECRETARY OF STATE
COMMONWEALTH OF KY

VS.

DEFENDANT

The Sherwin Williams Company

ANNA ATTEST
PINSON SPEARS
NOV 12 2014
PIKE CIRCUIT
BY: _____ D.C.

**Service of Process Agent for Defendant:**

| The Sherwin Williams Company |
| CSC-Lawyers Incorporating Service Company |
| 421 West Main Street |
| Frankfort, KY 40601 |

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: __11-12__, 2 _014_    _Anna Spears_ Clerk
By: _____ D.C.

---

**Proof of Service**
This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:
_____

this _____ day of _____, 2_____.
Served by: _____
_____ Title

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
DIVISION I

CIVIL ACTION NO. 14-CI-1231

GORDON MICHAEL WAGNER                                                               PLAINTIFF

VS.                                    **COMPLAINT**

THE SHERWIN-WILLIAMS COMPANY                                              DEFENDANT

    *Serve:  CSC-Lawyers Incorporating Service Company*
    *421 West Main Street*
    *Frankfort, Kentucky 40601*

                                \*\*\*   \*\*\*   \*\*\*   \*\*\*

Comes the Plaintiff, Gordon Michael Wagner, by and through Counsel, and for his claims and causes of action against The Sherwin-Williams Company, states as follows:

## INTRODUCTION

1. This is an action under Title I of the Americans with Disabilities Act, as amended, ("ADA"), 42 U.S.C. § 12101 et seq., the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101, et seq., and Title I of the Civil Rights Act of 1991, as well as the Kentucky Civil Rights Act ("KCRA") under KRS Chapter 344.

2. Plaintiff Gordon Michael Wagner is a resident of Floyd County, Kentucky, with a mailing address at 48 Antique Lane, Betsy Layne, Kentucky 41605.

3. At all relevant times, Defendant The Sherwin-Williams Company has been a corporation duly organized and existing under the laws of the State of Ohio, and has continuously been and is now doing business in the Commonwealth of Kentucky

1

and the City of Pikeville, and has continuously had more than 500 employees. Defendant may be served with process by and through its registered agent, CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

4.   At all relevant times, Defendant has continuously been a covered entity and an employer within the meaning of the ADA, 42 U.S.C. § 12111 (2) and (5), and the KCRA, KRS 344.030(2).

5.   Plaintiff has a vision impairment that substantially limits him in one or more major life activities. Plaintiff's vision impairment is a disability under the ADA and ADAAA.

6.   On October 8, 2014, Plaintiff was discharged from his employment, in violation of 42 U.S.C. § 12112(a) and KRS Chapter 344, based on the driving restriction resulting from Plaintiff's vision impairment.

7.   At the time of his discharge, Plaintiff was the Store Manager at Defendant's retail paint store in Pikeville, Kentucky ("Pikeville Store"), and had been employed with Defendant at its Pikeville Store continuously for approximately 20 years.

8.   For his most recent Annual Performance Appraisal, Plaintiff had received an overall satisfactory performance rating. Over his 20-year career with Defendant, Plaintiff consistently received satisfactory or better performance evaluations.

9.   On or about April 24, 2014, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant for employment discrimination on the basis of disability, in violation of the ADA, 42 U.S.C. § 12112(a) and KCRA, KRS 344.040.

10.   On or about August 28, 2014, Plaintiff and Defendant participated in a Fact Finding Conference with the EEOC.

11. On or about October 9, 2014, prior to the EEOC having completed its investigation, Plaintiff requested that the EEOC issue a Notice of Right to Sue.

12. On or about October 14, 2014, the EEOC issued a Notice of Right to Sue, allowing Plaintiff to file this lawsuit in a federal or state court within 90 days of his receipt thereof. See Attached. All conditions precedent to the institution of this lawsuit have been fulfilled.

## COUNT I

13. Plaintiff adopts and reiterates each and every averment set forth in the Introduction as if set out fully herein and incorporates same by reference.

14. On October 7, 2013, Plaintiff informed Defendant that he had been diagnosed with a left visual field defect affecting his peripheral vision, which restricted him from driving, and submitted a request for a reasonable accommodation to his District Manager, Marco Cline. Specifically, Plaintiff submitted a note from one of his treating physicians and requested that he permanently be excused from driving.

15. Less than twenty-four hours later, on October 8, 2013, Plaintiff reported to work as usual to open the Pikeville Store. Shortly thereafter, Plaintiff received phone calls from his District Manager and a human resources official, both of whom informed him that he could no longer perform his job duties due to the vision impairment that restricted him from driving. Plaintiff was then ordered to collect his things and leave the store immediately.

16. Plaintiff's Store Manager position was posted for competitive hire immediately after he was discharged. Within a couple of weeks, Defendant hired Allen Harvel to fill Plaintiff's position.

3

17. Defendant did not engage in the interactive process with Plaintiff to determine whether there were reasonable accommodations that would allow Plaintiff to perform the essential functions of his Store Manager position.

18. Defendant failed to conduct an individualized inquiry in determining whether Plaintiff's disability disqualified him from the Store Manager position.

19. Defendant failed to identify the precise limitations resulting from Plaintiff's disability and the effect that disability had on Plaintiff's ability to perform the Store Manager job.

20. Defendant did not make a good faith attempt to identify any potential reasonable accommodations that could overcome Plaintiff's driving restriction.

## COUNT II

21. Plaintiff adopts and reiterates each and every averment set forth in the Introduction and Count I as if set out fully herein and incorporates same by reference.

22. At all times relevant to this lawsuit, Plaintiff was qualified to perform the essential functions of his Store Manager position with Defendant's Pikeville Store, with or without reasonable accommodation of his disability.

23. At all relevant times, Plaintiff's only work-restriction was driving. Driving is not an essential function of the Store Manager position at Defendant's Pikeville Store.

24. Driving is a marginal function of the Store Manager position at Defendant's Pikeville Store.

25. While under a temporary driving restriction between April 2013 and the date of his discharge on October 8, 2013, Plaintiff successfully performed his duties as Store Manager, including outside sales calls. Plaintiff was discharged only after his vision impairment was deemed permanent by his treating physician.

4

26. Plaintiff was capable of performing outside sales calls over the phone and/or through other technological means. Further, aside from Plaintiff's restriction from driving himself to the actual on-site locations, he was otherwise qualified to perform the functions involved in closing an outside sale without any accommodation.

27. The focus of the essential function requirement is on the desired result rather than the means of accomplishing it. In Plaintiff's position as Store Manager, driving was merely a means of accomplishing outside sales calls and nightly bank deposits.

28. Defendant operates a chain of more than 4,000 retail stores and is the largest producer of paints and coatings in the United States. Defendant employs more than 32,000 associates and reported $9.53 billion in sales in 2013.

29. Defendant routinely employs delivery drivers and traveling sales representatives in its retail paint store operations. Defendant provides company vehicles to these individuals who work in positions for which driving is an essential function. Defendant has never provided the Pikeville Store Manager with a company vehicle.

30. Defendant would not encounter significant difficulty or expense in providing an accommodation for Plaintiff's driving restriction.

31. A reasonable accommodation for Plaintiff's driving restriction would not have been unduly extensive, substantial, or disruptive, and would not have fundamentally altered the nature or operation of Defendant's business.

32. Plaintiff was denied a reasonable accommodation by Defendant in violation of 42 U.S.C. 12112(b)(5) and KRS Chapter 344.

## COUNT III

33. Plaintiff adopts and reiterates each and every averment set forth in the Introduction, Count I, and Count II as if set out fully herein and incorporates same by reference.

34. Plaintiff engaged in protected activity when he requested that Defendant accommodate his driving restriction.

35. Plaintiff's exercise of his rights under the ADA and KCRA was known by Defendant.

36. Defendant took adverse employment action against Plaintiff less than 24 hours after Plaintiff engaged in protected activity by requesting a reasonable accommodation.

37. A causal connection exists between Plaintiff's protected activity and the adverse employment action taken by Defendant, which constitutes retaliation in violation of the ADA and KCRA.

## COUNT IV

38. Plaintiff adopts and reiterates each and every averment set forth in the Introduction, Count I, Count II, and Count III as if set out fully herein and incorporates same by reference.

39. Based on the foregoing, Plaintiff has been deprived of equal employment opportunities and otherwise adversely affected in his employment status on the basis of disability.

40. Defendant's discriminatory conduct as described above has caused Plaintiff to suffer economic injury, including, but not limited to, salary, including any

pay raises, sick leave, vacation pay, and other fringe benefits that Plaintiff would have received but for the discriminatory discharge and retaliation described above.

41. Reinstatement to Plaintiff's Store Manager position is inappropriate and/or infeasible under the circumstances described above.

42. At the time of his discharge, Plaintiff was on track to continue in his position as Store Manager of the Pikeville Store until retirement.

43. Following his discharge, Plaintiff has exercised reasonable diligence in seeking other suitable employment. To date, no other suitable employment has become available.

44. Defendant's discriminatory conduct as described above has caused Plaintiff to suffer future pecuniary losses, emotional pain, suffering, inconvenience, humiliation, embarrassment, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

45. The unlawful employment practices complained of above were intentional.

46. Defendant engaged in the discriminatory conduct described above with the knowledge that it was in violation of state and federal anti-discrimination laws.

47. Defendant committed the unlawful employment practices described above with malice and/or reckless indifference to Plaintiff's rights under both state and federal law.

**WHEREFORE**, the Plaintiff Gordon Michael Wagner demands judgment against the Defendant, The Sherwin-Williams Company, as follows:

1. That the Clerk of the Pike Circuit Court issue summons for the Defendant, The Sherwin-Williams Company, and direct a copy thereof, along with this Complaint, to the Kentucky Secretary of State as its statutory agent for service of process;

2. Judgment against the Defendant, The Sherwin-Williams Company, in favor of the Plaintiff, Gordon Michael Wagner;

3. That the Defendant, The Sherwin-Williams Company, be ordered to completely redress the economic injury to the Plaintiff, in an amount in excess of the jurisdictional limits of this Court and the United States District Court, and to the extent necessary to eradicate the effects of the unlawful employment discrimination to which Plaintiff was subjected, for the following elements of damages to be determined at trial:

    a. Back Pay

    b. Front Pay

    c. Compensatory Damages

    d. Punitive Damages

4. Pre-judgment and post-judgment interest;

5. Plaintiff's costs herein expended, including reasonable attorneys fees;

6. Trial by jury; and

7. Any and all other relief to which he may be entitled.

Respectfully submitted,

SHANE HALL ATTORNEY AT LAW, PLLC

*/s/ Shane Hall*

SHANE HALL
BRANDIS BRADLEY
685 Hambley Boulevard, Suite 1A
P.O. Drawer 472
Pikeville, Kentucky 41502
Telephone: (606) 433-0433
Facsimile: (606) 433-9002

EEOC Form 161-B (11/09) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Gordon Wagner<br>48 Antique Lane<br>Betsy Layne, KY 41605 | From: | Cincinnati Area Office<br>John W. Peck Fed. Bldg<br>550 Main St Room 10-019<br>Cincinnati, OH 45202 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 473-2014-00689 | **William D. Coleman,** Investigator | (513) 684-7337 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*Wilma L. Javey,*
Director

OCT 14 2014
*(Date Mailed)*

cc:
Stacy Hinners
Employee Relations Counsel
SHERWIN-WILLIAMS COMPANY
101 Prospect Avenue NW
Cleveland, OH 44115

Brandis Bradley
SHANE HALL ATTORNEY AT LAW
685 Hambley Blvd Suite 1A
P.O. Drawer 472
Pikeville, KY 41502



**SECRETARY OF STATE**
P.O. Box 718
Frankfort, Kentucky 40602-0718

**CERTIFIED MAIL™**



7192 2677 0010 0199 8869

RETURN RECEIPT (ELECTRONIC)





02 1M    $ 05.34⁰
0004273357   NOV 26 2014
MAILED FROM ZIP CODE 40601

## RETURN RECEIPT REQUESTED

THE SHERWIN WILLIAMS COMPANY
CSC-LAWYERS INCOPRORATING
SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601

406013181S C003