UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| GORDON MICHAEL WAGNER, ) | |
| ) | |
| Plaintiff, ) | Civil No. 14-178-ART |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| THE SHERWIN-WILLIAMS ) | **AND ORDER** |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The defendant has moved for a 90-day extension of all case deadlines, including the trial date. R. 12. The defendant acknowledges that the plaintiff does not agree with the 90-day extension. *Id.* at 1 n.1. The plaintiff would assent to a 60-day extension to the end of fact and expert discovery, but the plaintiff would like to keep the October 19, 2015, trial date. R. 13. As support for the motion, the defendant states that it has not yet received all of the third-party medical and employment record requests pertaining to the plaintiff. Without such information, the defendant contends that it is unable to determine whether it needs expert witnesses and what witnesses it needs to depose. *See* R. 12-1.

In any case where a party requests an extension of deadlines, the easiest course for the Court is to blindly grant the continuance. But the ease of granting such continuance is not a relevant consideration under the Federal Rules of Civil Procedure. Instead, Rule 1 instructs courts to "construe[ ] and administer[ ]" the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination" of every case. Fed. R. Civ. P. 1. The words

"and administered" were added to emphasize the Court's duty "to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay." *Id.* advisory committee's note on 1993 Amendments. The increased delays in, and rising cost of, litigation has concerned both parties and the courts in recent years. *See* The Honorable John G. Koeltl, *Progress in the Spirit of Rule 1*, 60 Duke L.J. 537, 538 (2010) ("Over the years there have been complaints that the costs and delays in the federal civil-litigation system were impeding rather than promoting the goals of Rule 1."). Unsurprisingly, fewer delays lead to a shorter discovery period, which usually results in lower costs. *See* James S. Kakalik et al., RAND Institute for Civil Justice, *Just, Speedy, and Inexpensive? An Evaluation of Judicial Case Management Under the Civil Justice Reform Act* 26 (1996) (prepared for the Judicial Conference of the United States). Indeed, the RAND study of federal court case-management techniques observed that "discovery control [was] the only case management practice that seemed to be effective in reducing costs." *Id.* at 28 (recommending that courts set a "firm trial date as part of the early management package, and adhere to that date as much as possible"). Moreover, the public perception of the courts is often that costs are too high and accompanied by too much delay. *See* Senate Committee on the Judiciary, Judicial Improvements Act of 1990, S. Rep. No. 101-416, at 6 (1990), *as reprinted in* 1990 U.S.C.C.A.N. 6802, 6809 ("A survey of more than 2,000 Americans in 1987 showed that 71 percent believe that the overall cost of lawsuits is too high, and that 57 percent believe that the system fails to provide resolution of disputes without delay."); Inst. for the Advancement of the Am. Legal Sys., *Preserving Access and Identifying Excess: Areas of Convergence and Consensus in the 2010 Conference Materials* 5, 6 (2010), *available at* http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/Duke%20Materials/Library/Judge

%20Grimm,%20The%20State%20of%20Discovery%20Practice%20in%20Civil%20Cases.pdf.

To effectuate the purposes of Rule 1, the Court has set firm dates for discovery deadlines and trial. *See* R. 3. The Court's standing order explained that "[a]bsent truly extraordinary circumstances, the Court will not grant extensions." R. 3 at 1; *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Further, that same order warned that if a party "moves for the continuance of any deadline, the Court may decide to take any motion for summary judgment by that [party] under advisement until after the completion of trial." R. 3 at 2.

In assessing a motion to extend discovery, the "overarching inquiry" is whether "the moving party was diligent in pursuing discovery." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010); *see also Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." (internal quotation marks omitted)). While the defendant asserts diligence here, over one month elapsed between the plaintiff's written discovery responses and the defendant's receipt of authorizations to access the medical and other records. Even though some of the delay may have been attributable to the plaintiff, the defendant was not without fault. It could have reasonably pressed the plaintiff to more quickly turn over the required authorizations for disclosure of medical and other records. For example, close to three weeks passed before the defendant requested a draft of the proposed agreed order from the plaintiff, which was a prerequisite to obtaining the authorizations. *See* R. 12-1 at 4. And several days went by after the order was filed before the defendant asked for the authorizations. *Id.* at 5. Where the

Court had already set the discovery deadlines, a reasonable party should have understood that a one-month delay in receiving potentially necessary authorizations would impede its ability to meet those deadlines. Given the circumstances articulated in the defendant's memorandum, only a 60-day extension of the May 29, 2015, deadline for fact and expert discovery is appropriate, as well as a 30-day extension to the expert supplementation deadline. No extension of the trial date is warranted.

Consequently, the Court will grant the extensions only with the following conditions: (1) the Court will vacate the Pre-Motion Post-Discovery Conference; (2) the Court will consider motions for summary judgment only *after* the trial (not before the trial); and (3) *Daubert* motions would be due ten days after the close of discovery and decided at the Final Pretrial Conference (and they would not be grounds to move the trial). Accordingly, it is **ORDERED** that by **Monday, May 4, 2015**, the parties must each **FILE** a notice in the record stating whether they agree to a 60-day extension to the May 29, 2015, deadline, a 30-day extension to the expert supplementation deadline, and the above conditions to be imposed by the Court. The October 19, 2015, trial date will not be moved.

This the 29th day of April, 2015.

Signed By:
*Amul R. Thapar* AT
United States District Judge